THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
Southcoast
Community Bank, Respondent,
v.
Low-Country
 State Leasing, LLC a/k/a Low-Country State Leasing, LLC d/b/a McGuire's Irish
 Pub, LLC; McGuire's Irish Pub, LLC, Jacqueline Kroth; David Kroth; The United
 States of America; South Carolina Department of Revenue; South Carolina
 Employment Security Commission; Town of Summerville; Carolina Waste Services;
OK Grocery; and Quattlebaum & Murphy, LLP, Defendants,
Charles R.
Giles, Jr. and Albert Sheppard, Intervenors, Appellants.

Appeal From Dorchester County
Patrick  R. Watts, Master-In-Equity

Unpublished Opinion No. 2011-UP-305
 Submitted June 1, 2011  Filed June 17,
2011   

AFFIRMED

 
 
 
 Steven L. Smith, of North Charleston, for
 Appellants.
 Richard W. Urban, of Columbia; and Samuel
 H. Altman, of Charleston, for Respondent.
 
 
 

PER CURIAM: Charles
 R. Giles, Jr. and Albert Sheppard (collectively, "Appellants") appeal
 a master-in-equity's denial of their motion to intervene in the foreclosure of
 property owned by Low-Country State Leasing, LLC (Low-Country).  The master
 held a loan granted by Appellants and purportedly secured by the property did
 not grant Appellants a valid interest in the property because the loan was
 executed by the owners of Low-Country in their personal capacity.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Ex parte Gov't Emps. Ins. Co., 373 S.C. 132, 135, 644
 S.E.2d 699, 701 (2007) ("The decision to grant or deny a motion to . . .
 intervene in an action . . . lies within the sound discretion of the trial
 court.  This Court will not disturb the lower court's decision on appeal unless
 a manifest abuse of discretion is found resulting in an error of law.")
 (internal citations and quotation marks omitted); see also id. at
 138-39, 644 S.E.2d at 702 (holding a claimant does not have a right to
 intervene in the action if the claimant lacks "'an interest relating
 to the property . . . which is the subject of the action' as required
 by Rule 24(a)(2), SCRCP"); Frasier v. Palmetto Homes of Florence, Inc.,
 323 S.C. 240, 244, 473 S.E.2d 865, 867 (Ct. App. 1996) (stating that a party
 may not use "agency as a basis of liability" if "the existence
 of the agency" is not "clearly established by the facts")
 (citations and internal quotation marks omitted).  
AFFIRMED.
HUFF, WILLIAMS,
 and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.